UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
IRWING VELANDIA, on behalf of himself and
all others similarly situated,

                      Plaintiffs,

   -against-

SERENDIPITY 3, INC. d/b/a SERENDIPITY 3,
and STEPHEN BRUCE,

                      Defendants.
-----------------------------------------------------------x

Civil Action No.
16-cv-01799 (AJN)

## AFFIDAVIT OF STEPHEN BRUCE

STATE OF NEW YORK  )
                             ) ss.:
COUNTY OF NEW YORK  )

      I, **STEPHEN BRUCE**, being duly sworn, states the following under the penalties of perjury:

      1.     I am a resident of the City and State of New York, and I am over 18 years of age.

      2.     I am a Defendant in the above-captioned action and have personal knowledge of the matters stated by me herein.

      3.     I have owned an interest in Serendipity 3, Inc. since in or about 1954, when it was established. Since in or about June 1990, I have been the sole shareholder of Serendipity 3, Inc.

      4.     Serendipity 3, Inc. owns and operates a restaurant with the name "Serendipity 3", which is located at 225 East 60th Street, New York, New York.

      5.     I am generally present at Serendipity 3 four (4) days a week (I am typically not there on Fridays, Saturdays, Sundays, or holidays) for approximately four (4) to five (5) hours per day.

6. My job functions at Serendipity 3 are almost principally limited to answering the phone, taking reservations, greeting and speaking to Serendipity 3 guests, posing for photographs and personally autographing books that I have co-authored about the restaurant.

7. I perform these functions at a small table located at the front end of the first floor of Serendipity 3. As a result of the location of this table, my back is turned to the entire dining area (except for a single dining table which is across the aisle from the table) and to the kitchen which is located at the rear of the first floor. I do not go into the kitchen during the hours that Serendipity 3 is open for business, except on a rare occasion to get myself a cup of coffee.

8. Since 1985, the General Manager of Serendipity 3 has been Debra Christie ("Ms. Christie"). Ms. Christie is exclusively in charge of all aspects of Serendipity 3's operations, including without limitation, as it relates to accounting for servers' and bussers' wages and tips and making all of the operational, business, management, staffing, scheduling, purchasing, disciplining, hiring and firing decisions at Serendipity 3.

9. Without limiting the generality of the scope of the preceding paragraph, I do not participate in interviewing prospective employees, including servers and bussers. I do not make any hiring decisions. I do not establish the pay rates of servers, bussers or kitchen staff. I do not train restaurant staff. I do not schedule Serendipity 3 employee shifts. I do not review or approve employee payroll records. I do not discipline or fire employees or resolve conflicts between employees. I do not track food, beverage or other restaurant inventory or perform the purchasing function for the restaurant. I do not make decisions regarding what items are put on the menu or are removed from the menu.

10. On the rare occasion when a guest may have a complaint regarding service or the food, I am not involved in dealing with the customer to resolve their complaint. All of these

operational, management and employment responsibilities and decisions are handled exclusively by Ms. Christie.

11. I did not draft the Serendipity 3 Employee Manual. Ms. Christie alone was charged with drafting the Employee Manual and creating Serendipity 3's policies, for making all subsequent revisions thereto, and for disseminating the Employee Manual, and subsequent revisions thereto, to Serendipity 3 staff.

12. Over the past several years, including, without limitation, the period of time covered by this lawsuit, I have rarely, if at all, interacted with or made suggestions to the servers or bussers at Serendipity 3 regarding the performance of their employment responsibilities, since such employee oversight is Ms. Christie's responsibility.

13. Prior to the commencement of this lawsuit, I had no knowledge of any allegations that servers at Serendipity 3, were allegedly paying or "tipping out" ice cream scoopers in the kitchen.

14. Since in or about November 2013, Serendipity 3's comptroller has been Jose Valera ("Mr. Valera"). Mr. Valera is solely responsible for maintaining all the financial records of Serendipity 3, including without limitation, payroll records and for dealing with the outside vendors that perform Serendipity 3's payroll services. Mr. Valera is also solely responsible for liaising with Serendipity 3's outside accounting firm. Prior to Mr. Valera's employment, these responsibilities were performed by Jerry Arrow who had worked at Serendipity 3 since 1985.

15. While, as the sole shareholder, I am interested in Serendipity 3's "bottom line", I do not play a material role in Serendipity 3's profitability. From time to time, Mr. Valera will apprise me as to Serendipity 3's financial condition, and he will generally show me a copy of the annual balance sheet and income statements that are prepared by the accountant.

16. I am the sole signatory on the Serendipity 3 checking account. As such, I sign checks that are prepared by Mr. Valera. Otherwise, I do not perform any banking responsibilities. I do not see or review Serendipity 3's bank statements. I similarly do not see or review Serendipity 3's credit card receipts.

Dated: November 8, 2017
New York, New York

_____
STEPHEN BRUCE

Sworn to before me this
8th day of November 2017

_____
Notary Public

JUSTIN A. GUILFOYLE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02GU6308276
Qualified In Richmond County
My Commission Expires July 21, 2018

8597961v.3