UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
IRWING VELANDIA, on behalf of himself and
all others similarly situated,

                       Plaintiffs,

   -against-

SERENDIPITY 3, INC. d/b/a SERENDIPITY 3,
and STEPHEN BRUCE,

                       Defendants.
--------------------------------------------------------------x

Civil Action No.
16-cv-01799 (AJN)

## AFFIDAVIT OF DEBRA CHRISTIE

STATE OF NEW YORK   )
                             ) ss.:
COUNTY OF NEW YORK )

      **DEBRA CHRISTIE**, being duly sworn, states the following under the penalties of perjury:

      1.    I am a resident of Nassau County in the State of New York. I am over 18 years of age. I have personal knowledge of the matters stated by me herein.

      2.    I am the General Manager of the restaurant known as "Serendipity 3" which is owned and operated by Serendipity 3, Inc. at 225 East 60th Street, New York, New York. I have held the position of General Manager of Serendipity 3 during the relevant time period for purposes of this litigation.

      3.    I have been in the restaurant business, much of it in a managerial position at various locations, for at least the past forty (40) years.

      4.    As Serendipity 3's General Manager, I am solely responsible for all aspects of the restaurant's operations, including without limitation, interviewing and hiring all staff,

establishing the wages of the staff, training the employees, scheduling employee shifts, disciplining employees (including, where appropriate, terminating their employment), and maintaining the restaurant's operations both in the kitchen and the front of house.

5. Servers and bussers earned and were paid the minimum wage during their training periods, at the then-current rate.

6. Servers earn and are paid the applicable minimum wage plus tips for the time they worked at Serendipity 3.

7. Bussers are paid in the same manner as servers, *i.e.*, minimum wage plus tips. The bussers receive a twenty percent (20%) allocation of the servers' tips.

8. Serendipity 3's ice cream scoopers are currently paid at the rate of ten dollars ($10.00) per hour.

9. It is Serendipity 3's official policy that no one in the kitchen, including but not limited to ice cream scoopers, are to be "tipped out." I consider the practice of tipping out a member of the kitchen staff by servers to be the equivalent of bribery.

10. I was wholly unaware that there was allegedly a practice of servers tipping out ice cream scoopers prior to the commencement of this litigation. No server, busser, or other employee ever informed me, by way of a complaint or otherwise, of such conduct.

11. I believe that any server who may have been participating in tipping out ice cream scoopers was intentionally hiding this conduct from me because they knew that negative ramifications would have resulted, as such conduct is in direct violation of Serendipity 3's express policy.

12. When this litigation commenced, and I was first made aware of the allegation that servers were tipping out ice cream scoopers, I called a staff meeting during which I personally

8599155v.4

reminded the servers and ice cream scoopers that ice cream scooper were prohibited from being tipped out and that such a practice is explicitly against Serendipity 3's official policy.

13. Serendipity 3 employees are provided with a notice of their pay rate at such times as are required by law.

14. It is Serendipity 3's official policy that employees are to clock in as soon as they arrive and clock out when they are done with their shift.

15. Upon punching out, servers bring their timecards to the manager on duty and the manger verifies and signs the employee's timecard.

16. Should an employee work a shift in excess of ten (10) hours, he or she is provided with spread of hours pay.

17. Serendipity 3 has an Employee Manual, which is typically updated every six (6) months.

18. I was solely responsible for creating Serendipity 3's Employee Manuals that were in effect during the relevant statutory time periods, including establishing Serendipity 3's employment policies, and for making all revisions thereto. I was also solely responsible for disseminating the Employee Manual to all new employees, and for disseminating any revisions thereto to the staff.

19. Stephen Bruce ("Mr. Bruce"), the sole shareholder of Serendipity, Inc., played no role in the creation of the Employee Manuals, the establishment of the employment policies, or for updating the same.

20. Mr. Bruce does not have any knowledge or involvement in the operations of Serendipity 3. His only job responsibilities at Serendipity 3 are to answer the telephone, take

3

8599155v.4

reservations, greet and speak with customers, and to personally autograph books that he has co-authored about Serendipity 3 for customers.

21. I do not consider Mr. Bruce to be my boss because he does not instruct me or direct my work as General Manager at Serendipity 3 and as the person in charge of the restaurant's operations, in any manner.

22. I am also solely responsible for making decisions regarding adding and removing items from Serendipity 3's menu. I do not seek, obtain, or require Mr. Bruce's consent to take these actions.

23. Since in or about November 2013, Jose Valera ("Mr. Valera") has been Serendipity 3 Inc.'s comptroller. Mr. Valera is solely responsible for maintaining all the financial records of Serendipity 3, including without limitation, payroll records and for dealing with the outside vendors that perform Serendipity 3's payroll services.

24. Since I was hired to be the General Manager of Serendipity 3, I attempted to make sure that all policies regarding employees' wages were proper and whenever an issue did arise, I made every effort to promptly correct those things.

25. For instance, I made sure that all required posters, such as those regarding the minimum wage and OSHA requirements, are appropriately placed where Serendipity 3 employees would see and read them.

26. At no time have I ever required a server to pay for a customer's bill that was not paid due to a customer leaving the restaurant without paying or was paid in an amount less than the full amount of the bill.

Dated:   November 8, 2017
         New York, New York

_____
DEBRA CHRISTIE

Sworn to before me on this
8th day of November 2017

_____
Notary Public

JUSTIN A. GUILFOYLE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02GU6308276
Qualified in Richmond County
My Commission Expires July 21, 2018

5

8599155v.4