UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IRWING VELANDIA, on behalf of himself and all others similarly situated,

         Plaintiff,

-against-

SERENDIPITY 3, INC. d/b/a SERENDIPITY 3, and STEPHEN BRUCE,

         Defendants.
------------------------------------------------------------------------x

Docket No.: 16-cv-01799 (AJN)(AJP)

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE**

   Serendipity 3, Inc. d/b/a Serendipity 3 ("Serendipity 3"), and Stephen Bruce ("Defendants"), by their attorneys, submit this memorandum of law in opposition to plaintiffs' motion *in limine* to exclude from evidence at trial (1) Serendipity 3 employees' employment letters; (2) letters from Serendipity 3 Servers; (3) the Collective Action Complaint; and, (4) Serendipity 3 employees' acknowledgement of receipt of the Serendipity 3 employee manual.

## STANDARD OF REVIEW

   The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *Luce v. United States*, 469 U.S. 38, 40 n.2, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (same); *Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 283 (S.D.N.Y. 1996) (same). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001) (emphasis added). Courts considering a motion in limine may reserve decision until trial, so that the motion is placed in the appropriate factual context. See *Nat'l Union Fire Ins. Co.*, 937 F. Supp. at 287. The court's ruling regarding a motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." *Luce*, 469 U.S. at 41.

1

**LEGAL ARGUMENT**

**POINT I**

**THE COURT SHOULD DENY PLAINTIFF'S MOTION TO EXCLUDE EVIDENCE IN ITS ENTIRETY AS THE DOCUMENTS IDENTIFIED FOR EXCLUSION ARE HIGHLY PROBATIVE AND RELEVANT TO PLAINTIFFS' CREDIBILITY**

Pursuant to Rule 401 of the Federal Rules of Evidence, evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  It is axiomatic that a witness's credibility is *always relevant.*  See, *U.S. v. Quinto*, 582 F.2d 224, 233 ( 2d Cir. 1978), *citing*, *Lewis v. Baker*, 526 F.2d 470, 475 (2d Cir. 1975) ("credibility is always an issue of consequence" and "testimony which aids in the jury's determination of a witness's credibility and veracity is always relevant"); see also, *Avila-Blum v. Casa de Cambio Delgado, Inc.,* 236 F.R.D. 190, 192 (S.D.N.Y. 2006) ("a witness's credibility is always at issue and may be tested in a variety of ways without imposing an undue burden on a party").

Indeed, the Federal Rules of Evidence recognize that is fact.  For example, Rule 607 expressly allows any party to attack a witness' credibility. Fed.R.Evid. 607.  Furthermore, Rule 608, allows litigants to offer evidence concerning a witness' reputation for truthfulness or untruthfulness. Fed.R.Evid. 608(a).  In addition, both Rule 608(b) and Rule 404(b) allow litigants, in certain enumerated circumstances, to attack a witness' credibility by eliciting testimony concerning specific instances of conduct.  *See Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir. 1988)("Impeachment has been recognized as one of the "other purposes" for which evidence of prior acts may be admissible.")(citations omitted).

The documents identified by plaintiffs in their motion *in limine* are probative of plaintiffs' credibility and are admissible at trial. In the identified documents, plaintiffs:

- intentionally requested employment letters that inaccurately reflected their actual earnings to present to third parties to establish income levels for residence requirements;

- personally signed statements that they provided monetary gifts to kitchen staff of their own free will;

- participated in the drafting of the Collective Action Complaint and subsequently condoned the allegations contained therein by their continued participation in this lawsuit; and,

- personally signed acknowledgements of receipt of the Serendipity 3 Employee Handbook.

That plaintiffs now disavow the identified documents and claim that they do not accurately reflect the facts at the time the documents were created presents a credibility issue that must be resolved by the trier of fact. This evidence will be used to attack plaintiffs' credibility and is admissible pursuant to Rules 401 and 404(b) of the Federal Rules of Evidence. Furthermore, this case is scheduled to be heard by the Court rather than a jury which eliminates any argument that the probative value of the evidence is outweighed by the danger of unfair prejudice or confusion to the finder of fact. Accordingly, the Court should deny Plaintiff's request to exclude this highly probative and relevant evidence. *Jackson v. Denno*, 378 U.S. 368, 387 (1964); *Palazzo v. Corio*, 232 F.3d 38, 44 (2d Cir. 2000) ("To the extent that there is a conflict in a witness's testimony, such a conflict affects the weight of the testimony, not its admissibility"); *United States v. Rodriguez*, 968 F.2d 130, 143 (2d Cir. 1992) *cert. denied*, 506 U.S. 847 (1992); *Skinner v. City of N.Y.*, 2017 U.S. Dist. LEXIS 104650, at *13 (E.D.N.Y. Apr. 7, 2017); *United States v. McKeon*, 738 F.2d 26, 31 (2d Cir. 1984) ("The law is quite clear that [pleadings in a civil litigation]

8654201v.2

constitute the admissions of a party-opponent and are admissible in the case in which they were originally filed as well as in any subsequent litigation involving that party") (citations omitted); see also *Rosenberg v. Curry Chevrolet Sales & Serv., Inc.*, 152 F.3d 920, (2d Cir. 1998) (quoting *McKeon*, 738 F.2d at 31); *Chisholm v. Sloan-Kettering*, 2011 U.S. Dist. LEXIS 53243 (S.D.N.Y. May 13, 2011) (finding that "pleadings are admissible as party admissions" that may be introduced against the opposing party).

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court enter an order denying plaintiffs' motion *in limine* in its entirety, and granting any such other and further relief that this Court deems just and proper.

Dated:   New York, New York
         November 29, 2017

                                        WILSON, ELSER, MOSKOWITZ,
                                        EDELMAN & DICKER LLP


                                        By:    / s /  William F. Cusack
                                            William F. Cusack
                                            Justin A. Guilfoyle
                                            *Attorneys for Defendants*
                                            150 East 42nd Street
                                            New York, New York 10017
                                            Ph: (212) 490-3000
                                            Fx: (212) 490-3038
                                            *William.Cusack@wilsonelser.com*
                                            *Justin.Guilfoyle @wilsonelser.com*
                                            File No. 18498.00001

To:  Louis Pechman, Esq.
  Vivianna Morales, Esq.
  Pechman Law Group PLLC
  *Attorneys for Plaintiffs*
  488 Madison Avenue, 11th Floor
  New York, New York 10022
  Ph: (212) 583-9500
  *pechman@pechmanlaw.com*
  *morales@pechmanlaw.com*